**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,                  )
*ex rel.* UNITED STATES DEPARTMENT  )
OF EDUCATION,                                        )
                                                               )
                              Defendant-Appellant,   )
                                                               )
v.                                                             )          Case Number CIV-04-1030-C
                                                               )
HOLLY MEADOWS MOREU,                   )
                                                               )
                              Plaintiff-Appellee.      )

## MEMORANDUM OPINION AND ORDER

Now before the Court is an appeal from the United States Bankruptcy Court for the

Western District of Oklahoma filed by Defendant-Appellant United States *ex rel.* United

States Department of Education (United States).  Plaintiff-Appellee Holly Meadows Moreu

(Moreu) filed a response, to which the United States filed a reply.  Accordingly, the matter

is ripe for disposition.  The Court, after careful consideration of the litigants' submissions

and the applicable law, now VACATES the bankruptcy court's judgment entered April 23,

2004, and REMANDS the case to the bankruptcy court for further proceedings.

### BACKGROUND

Moreu filed the underlying complaint seeking to discharge approximately $137,000

in student loan debt accumulated during her undergraduate and post-graduate educational

studies.  Moreu filed her first motion for default when the United States failed to timely

answer.  The United States objected to the motion due to Moreu's failure to obtain proper

service on the United States as mandated by FED. R. BANKR. P. 4 and 5.  Moreu cured the

defective service; however, the United States failed to timely answer and Moreu filed a second motion for default.  The bankruptcy court denied the United States' motion to answer out of time and ordered the court clerk to enter default against the United States, but denied Moreu's request for a default judgment.  Subsequently, the court conducted a FED. R. CIV. P. 55(b)(2)[1] hearing where Moreu, according to the court, sufficiently put forth evidence of undue hardship in accordance with 11 U.S.C. § 523(a)(8).  Upon conclusion of the hearing, the bankruptcy court discharged Moreu's student loans in toto.

## JURISDICTION AND STANDARD OF REVIEW

Upon the entry of the bankruptcy court's final judgment, the United States timely elected to have its appeal heard by the district court in lieu of the Tenth Circuit Bankruptcy Appellate Panel.  The Court now sits as an appellate court over the decisions of the bankruptcy court and maintains jurisdiction in accordance with 28 U.S.C. § 158.  In this capacity, the Court's role in Moreu's bankruptcy proceedings is limited.  When the Court reviews the bankruptcy court's decisions on appeal, it must "apply the same standards of review as those governing appellate review in other cases."  In re Perma Pac. Props., 983 F.2d 964, 966 (10th Cir. 1992).  Here, the central issue involves the bankruptcy court's denial of an enlargement of time—a decision the bankruptcy rules expressly leave to the bankruptcy court's discretion.  FED. R. BANKR. P. 9006(b)[2]; Gooch v. Skelly Oil Co., 493 F.2d 366, 368

---

[1]  FED. R. CIV. P. 55 is applicable to adversary proceedings in bankruptcy court. Fed. R. Bankr.  P. 7055.

[2]  "Bankruptcy Rule 9006 makes applicable, with modifications, most of the provisions of
(continued...)

(10th Cir. 1974).  Discretionary decisions will not be disturbed unless the bankruptcy court

failed to consider the applicable legal standard when adjudicating the issue.  <u>Cooter & Gell</u>

<u>v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its

discretion if it based its ruling on an erroneous view of the law . . . ."); <u>McNickle v. Bankers</u>

<u>Life & Cas. Co.</u>, 888 F.2d 678, 680 (10th Cir. 1989); <u>see</u> <u>also</u> <u>In re Kirkland</u>, 181 B.R. 563,

566 n.6 (Bankr. D. Utah 1995) (detailing other means by which a court may abuse its

discretion).

### DISCUSSION

On appeal, the United States argues that the bankruptcy court abused its discretion by

denying the United States' motion to file an answer out of time.  The United States also

challenges the bankruptcy court's determination of undue hardship which resulted in the

discharge of Moreu's student loan debt.  The Court finds that the bankruptcy court did abuse

its discretion; consequently, as this finding is dispositive of the appeal, the Court declines to

address the United States' arguments challenging the bankruptcy court's undue hardship

determination or Moreu's correlated rebuttal arguments.

---

[2] (...continued)
Federal Rule [of Civil Procedure] 6.  The provisions of Federal Rule 6, as adapted to bankruptcy
cases by Bankruptcy Rule 9006, are, therefore, applicable to adversary proceedings."  NORTON
BANKRUPTCY RULES PAMPHLET 2004-2005 Edition, 378.

**I.      The Bankruptcy Court Failed to Consider the Applicable Legal Standard.**

In most instances, the procedural rules governing bankruptcy allow a litigant to request an enlargement of time even though the time period for completing the required action has expired.

> [W]hen an act is required or allowed to be done at or within a specified period by these rules . . . the court for *cause shown* may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect.*

Bankruptcy Rule 9006(b)(1) (emphasis added).  After expiration of the allotted time, the bankruptcy court may grant an enlargement of time if the movant first shows cause and then explains why the movant's negligence is excusable.  Bankruptcy Rule 9006(b); NORTON BANKRUPTCY RULES PAMPHLET 2004-2005 Edition, 608.  The definitive case for determining excusable neglect under Bankruptcy Rule 9006(b) is Pioneer Inv. Servs Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).  In Pioneer, the Supreme Court set forth the proper analysis to determine if the movant should receive a permissive reprieve from a mandated deadline.  Here, the bankruptcy court's order at issue does not evidence the necessary analysis and application of Pioneer's excusable neglect standard to the facts of the case. (Appellate R., Dkt. No. 16).  Consequently, the bankruptcy court's failure to apply the proper legal standard articulated by the Supreme Court and make the relevant factual findings constitutes an abuse of discretion requiring reversal.[3]   Cooter & Gell, 496 U.S. at 405;

---

[3] The bankruptcy court did provide conclusions for its decision; however, without more, the Court declines to speculate whether or not the given conclusions fall within or adequately address

(continued...)

-4-

<u>Gooch</u>, 493 F.2d at 368; <u>see</u> <u>generally</u> <u>Arbuckle Wilderness, Inc. v. KFOR TV, Inc.</u>, Case

Nos. 94-6407, 94-6049, 1995 WL 649700 (10th Cir. Nov. 6, 1995)[4] (remanding case to

district court for application of <u>Pioneer</u> when adjudicating an excusable neglect issue under

FED. R. APP. P. 4(a)(5)).  The Court does not express any view regarding the merits of the

United States' motion under Bankruptcy Rule 9006(b), as the bankruptcy court should be

allowed to exercise its discretion in the first instance.  Instead, the Court remands this matter

to the bankruptcy court for the application of the guidelines set forth in <u>Pioneer</u> regarding the

presence or absence of excusable neglect.

The Court notes the lack of research and analysis in the litigants' briefs to the

bankruptcy court.  Neither counsel cited to or addressed <u>Pioneer</u>, even though it has been the

premier case interpreting excusable neglect under Bankruptcy Rule 9006(b) for twelve years.

The Court reminds counsel of their duty to do proper research and cite to legal authority

supporting the argument raised.  <u>Phillips v. Calhoun</u>, 956 F.2d 949, 953-54 (10th Cir. 1992)

(holding that a litigant must support an argument with legal authority).

> The [bankruptcy] court [i]s not obligated to comb the record in order to make
> [a party]'s arguments for him. . . .  No matter how often they are made to feel
> the part, our brothers and sisters on the [bankruptcy] court bench should not
> be cast in the role of stage director of the litigation drama—forced to prod the
> actors through rehearsals until the proper performance is achieved.

<u>Mitchell v. City of Moore</u>, 218 F.3d 1190, 1199 (10th Cir. 2000).

---

[3] (...continued)
all elements of the <u>Pioneer</u> standard for excusable neglect.

[4] The Court cites this unpublished opinion as persuasive authority only pursuant to 10th Cir.
R. 36.3(B).

## CONCLUSION

Upon a thorough review of the record, the Court is left with a definite and firm conviction that the bankruptcy court abused its discretion by failing to apply the proper legal standard under Bankruptcy Rule 9006(b).  The United States' request for oral argument is denied.  The bankruptcy court's judgment (Appellate R., Dkt. No. 19) entered April 23, 2004, is VACATED and this matter is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

IT IS SO ORDERED this 12th day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge